J-S58016-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WENDY M. MAHICH | : | |
| Appellant | : | No. 353 WDA 2019 |

Appeal from the PCRA Order Entered January 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010626-2016

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: FILED JANUARY 7, 2020

Appellant, Wendy M. Mahich, appeals pro se from the post-conviction court's January 15, 2019 order denying her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we are compelled to quash this appeal as untimely.

Briefly, on September 7, 2017, Appellant entered an open guilty plea to three counts each of aggravated assault and recklessly endangering another person, and one count of endangering the welfare of children. Appellant's convictions were based on evidence that she caused serious bodily injury to her then-six-month-old son by striking him in the head, and by throwing him into a portable crib that was positioned against a wall. See N.T. Guilty Plea, 9/7/17, at 4-5. Due to Appellant's abuse, the victim suffered a cranial fracture, significant swelling, and subdural and retinal hemorrhages. Id. at

4.  On February 23, 2018, Appellant was sentenced to an aggregate term of 9 to 18 years' incarceration.

Appellant filed a direct appeal, which this Court ultimately discontinued upon the motion of Appellant. On July 25, 2018, Appellant filed a timely, pro se PCRA petition and counsel was appointed. On December 19, 2018, counsel filed a motion to withdraw and a Turner/Finley[1] 'no-merit' letter, to which Appellant did not respond. On January 4, 2019, the PCRA court granted counsel's petition to withdraw, and notified Appellant of its intent to dismiss her petition in accordance with Pa.R.Crim.P. 907. While the court's order stated that Appellant had 21 days within which to respond to the Rule 907 notice, the court nevertheless issued an order dismissing her petition just 11 days later, on January 15, 2019.[2]

Appellant filed a pro se notice of appeal on February 27, 2019, and she complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on July 15, 2019. Herein, Appellant states three issues for our review, which we reproduce verbatim:

_____

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] Appellant has not challenged the court's failure to afford her 21 days to respond to its Rule 907 notice. Thus, any issue related to that error is waived. See Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa. Super. 2013) (finding Taylor waived his challenge to the court's failure to issue a Rule 907 notice and afford him the opportunity to respond by not raising that claim on appeal).

A. Whether the PCRA Court erred in the denial and dismissal of Appellant's Post-Conviction Relief Act Petition and not grant relief on issue of alleged Trial and Appellant counsels were ineffective?

B. Whether the PCRA Court erred in the denial and dismissal of Appellant's Post-Conviction Relief Act Petition and did not grant relief on issue of not allowing Mitigating Evidence and Mental Health Evaluations to be introduced in Appellant's behalf?

C. Whether the PCRA Court erred in not granting relief to Appellant as her plea was entered into without her being deemed mentally competent, knowing, and fully understanding the ramifications and implications of sentencing ranges, or that she could pull said plea?

Appellant's Brief at 4.

Preliminarily, we must sua sponte address whether we have jurisdiction over Appellant's facially untimely appeal. See Commonwealth v. Capaldi, 112 A.3d 1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues sua sponte.") (citation omitted). Again, the PCRA court's order dismissing Appellant's petition was filed on January 15, 2019, yet her pro se notice of appeal was not time-stamped until February 27, 2019, which was beyond the 30-day period for a timely appeal to be filed. See Pa.R.A.P. 903(a) (directing that an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

We recognize that, along with her notice of appeal, Appellant filed a petition to proceed in forma pauperis that was hand-dated February 14, 2019. If that was the date on which Appellant mailed both her notice of appeal and her petition for in forma pauperis status, her appeal could be deemed timely

- 3 -

under the "prisoner mailbox rule." See Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997) (holding that an appeal by a pro se prisoner is deemed filed on the date he or she deposits it with prison authorities and/or places it in the prison mailbox). However, Appellant did not provide any proof that she mailed her appeal, or turned that document over to prison authorities, on February 14, 2019. See id. (stating that a pro se prisoner must present "reasonably verifiable evidence of the date that the prisoner deposits the appeal with prison authorities" in order to invoke application of the prisoner mailbox rule). Moreover, we discern no error or breakdown in the operations of the court that would excuse Appellant's late filing. Consequently, we must quash her appeal for lack of jurisdiction. See Capaldi, 112 A.3d at 1245.[3]

Appeal quashed.

_____

[3] Nevertheless, we observe that, even if Appellant's appeal had been timely filed, we would affirm the order denying her petition. The only cognizable and preserved PCRA claim that Appellant raises herein is that her trial counsel was ineffective by not producing, at the sentencing hearing, her medical records detailing her extensive history of mental health issues. However, as her PCRA counsel explained in his Turner/Finley no-merit letter, the medical records would have been merely cumulative of the "comprehensive summary of [Appellant's] mental health history" that was contained in her presentence report, and discussed at the sentencing hearing. See Turner/Finley Letter, 12/19/18, at 5; N.T. Sentencing, 2/22/18, at 6-7. Accordingly, we would conclude that Appellant has failed to demonstrate that she was prejudiced by her trial counsel's failure to present the sentencing court with her medical records. Additionally, to the extent Appellant asserts various other claims of counsel's ineffectiveness and challenges to the validity of her plea, those issues were not raised in her petition and, thus, they are waived. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/7/2020